## MARTIN BARRICK AND ELIZABETH BARRICK vs. THE CITY OF DETROIT.

Medical works should not be read to the jury. New trial granted on this ground, *notwithstanding no exception taken at the time.*

*Wayne Circuit, March* 1870.

This was an action for damages occasioned by an injury received by plaintiff, Elizabeth Barrick, who is the wife of plaitiff, Martin Barrick, by falling into a large hole through the sidewalk. on one of the streets of the city of Detroit. It was claimed by plaintiffs that the injury caused a miscarriage within three months after the fall occurred. The defendant's counsel read to the jury, as evidence, several passages of different medical works on the subject of abortion without objection from

plaintiffs' counsel, to show that the miscarriage did not result from the fall. The verdict was for plaintiff for $500. This verdict the plaintiffs declared insufficient, and afterwards moved to set aside for error in permitting these medical works to go to the jury as evidence. It was insisted that the introduction of this evidence had a tendency to diminish the verdict.

*Wilkinson & Post,* for the motion cited 5 *Carr. & P.,* 460; *O'Brien,* 7 *R. I.,* 336; *Commonwealth vs. Wilson,* 1 *Gray,* State *vs.* 338, *Melvin vs. Easley,* 1 *Jones Law* (*N. C.*), 386, and *Ashworth vs. Kittridge,* 12 *Cush.,* 193.

*J. P. Whittmore, contra,* relied upon 2 *Graham & Waterman on New Trials,* and insisted that the error was waived by plaintiffs' failure to object to the testimony, when offered.

*By the Court,* PATCHIN, J.—This is a motion for a new trial upon the ground that the Court erred in permitting the introduction of medical works as evidence on the part of the defefendants, although not objected to. There can be no question that the medical books should not have been admitted. They are, at best, the unsworn statement of a party not present, and not liable to a cross-examination, which might vary, or perhaps entirely change, the meaning and purport of the statement of the author, as applied to the particular case at the bar. Medical writers are by no means a unit upon the various questions of medical jurisprudence. A passage may be found in some work favorable to a particular opinion, which in another may be successfully controverted and overthrown, although not known to counsel or the Court, who are not presumed to be particularly versed in that branch of science, and, therefore, the counsel should have the opportunity of eliciting from an expert upon the witness stand, that peculiar information which he alone is supposed to possess, and which would be imparted in language easily understood, and not in those technical terms so common in medical books, where even common words are sometimes used in a peculiar manner, distinct from their received meaning in the general use of the language.

But it is claimed by the opposing counsel that the evidence was admitted without objection on the part of the plaintiff, and therefore it is now too late to avail himself of the benefit

of an error. That the plaintiff cannot now claim relief as a right, is quite clear ; but I am not prepared to adopt the opinion, that when, in perfect good faith, a question is asked and allowed to be answered without objection, which is afterward ascertained to be error, there can be no relief.

The granting or refusing a new trial is largely in the discretion of the Court. The motion is generally heard and considered with much more deliberation than can possibly be achieved in the haste of a trial in a *nisi prius* Court, where questions entirely new to both counsel and Court are frequently raised and by necessity passed upon at once, without that due deliberation which they would receive in a motion for a new trial.

To adhere strictly to the rule laid down in some of the books, that there can be no relief on a motion for a new trial by reason of error not excepted to during the trial, would, it seems to me, encourage the very cumbersome and embarrassing practice of taking frivolous and unnecessary exceptions, so that upon further examination, if it should be found that an error had been made, their rights would not be lost in regard to it.

Great care should be exercised on the part of Courts that the utmost good faith should be observed on the part of counsel during the trial of a case.

And in all cases of such good faith it is not by any means clear that within a reasonable time it is not too late to correct an error, that justice may be done, either upon a motion for a new trial or otherwise, even though an exception was not taken at the time. I find myself brought to this conclusion, that there may be cases (of which the case at bar is one) in which an error may be taken advantage of on a motion for a new trial without previous exception being taken. The motion for a new trial is therefore granted with costs to abide the event of the suit.